UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: _____

ELISE DEJEAN,
and other similarly-situated individuals,

    Plaintiff(s),

v.

HOLLYWOOD HILLS REHABILITATION
CENTER, LLC, and KAREN KALLEN-ZURY,
individually,

    Defendants.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

1. Plaintiff, ELISE DEJEAN, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, HOLLYWOOD HILLS REHABILITATION CENTER, LLC, (hereinafter referred to as "HOLLYWOOD") and KAREN KALLEN-ZURY, individually, (hereinafter referred to as "ZURY")(collectively referred to as "Defendants"), and brings this action on behalf of herself and other current employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216 (b). Plaintiff performed non-exempt duties for Defendants in Broward County, Florida.

REMER & GEORGES-PIERRE, PLLC

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

3. This action is brought to recover from Defendants overtime compensation, liquidated damages, an enforceable judgment, and the costs and reasonable attorney's fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b). This is also a civil action pursuant to 28 U.S.C. § 2201 against Defendants, whereby Plaintiff seeks a Declaratory Judgment as Defendants have placed in doubt Plaintiff's right to receive overtime wages; Preliminary and Permanent Injunctive Relief enjoining Defendants and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Labor Standards Act

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. §216 (b)

5. At all times material to this Complaint, HOLLYWOOD HILLS REHABILIATION CENTER, LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6. Based upon information and belief, the annual gross sales volume of HOLLYWOOD HILLS REHABILIATION CENTER, LLC was in excess of $500,000.00 per annum at all times material hereto.

7. At all times pertinent to this Complaint, HOLLYWOOD HILLS REHABILIATION CENTER, LLC was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

8. At all times material hereto, KAREN KALLEN-ZURY has owned, managed, and/or operated HOLLYWOOD HILLS REHABILIATION CENTER, LLC and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay for employees, and control the finances and operations of HOLLYWOOD HILLS REHABILIATION CENTER, LLC by virtue of such control and authority, KAREN KALLEN-ZURY is an employer as such term is defined by the FLSA, 29 U S C 201 et seq.

9. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of forty (40) hours during one or more work weeks on or after 2005 and did not receive time and a half of their regular rate of pay for all of the hours they worked over forty (40) in one or more work weeks.

10. At all relevant times, Defendants employed Plaintiff as a nurse. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during his employment with Defendants.

11. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

12. However, Defendants did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her

13. The records, if any, concerning the hours worked by Plaintiff, and compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

14. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I

## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

17. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

18. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

19. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

20. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

21. Plaintiff demands a jury trial.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

**WHEREFORE**, Plaintiff, and those similarly situated to her who have or will opt into this action, requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U S C § 216 for those employees, past or present , who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendants to be an "employer" as that term is defined under the FLSA;

(d) Enter judgment, jointly and severally, against Defendants, HOLLYWOOD HILLS REHABILIATION CENTER, LLC and KAREN KALLEN-ZURY, individually, for the payment of all overtime hours at one and one-half their regular rate of pay, and liquidated damages equaling 100% of overtime due Plaintiffs for the hours worked by them for which they have not been properly compensated in the three years preceding the filing of this Complaint, as required by the FLSA;

(e) Award each member of the class Plaintiff represents proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(f) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(f) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(g) Award each Plaintiff and each member of the class they represent their reasonable attorney's fees and costs;

(h) Grant a trial by jury as to all matters properly triable to a jury;

(i) Issue a judgment declaring that the provisions of the FLSA covered Plaintiffs and the class they represent and that Defendants have failed to comply with the requirements of the FLSA;

(j) Award any and such other further relief this Court deems just, equitable and proper.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST ZURY

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. At the times mentioned, Defendant ZURY, was, and is now, the Director and/or owner of Defendant Corporation. Defendant ZURY, was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

Plaintiff and others similarly situated. Defendant ZURY, had operational control of the business and is jointly liable for Plaintiff's damages.

24.     Defendant ZURY, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

25.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant ZURY, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

Dated this 31 day of January, 2012

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
*ATTORNEYS FOR PLAINTIFF(S)*
BISCAYNE CENTRE
11900 Biscayne Boulevard
Suite 288
North Miami, Florida 33181
Tel. (305) 416-5000
Fax: (305) 416-5005
E-Mail: agp@rgpattorneys.com

By: _____
Jason S. Remer, Esq.
Florida Bar Number: 0165580

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

## NOTICE OF CONSENT TO OPT-IN

I, **Elise DeJean**, understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §201 et. seq. I hereby consent, agree in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party Plaintiff in this action against employer/Defendant, **Hollywood Hills Rehab. Center** to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action. I agree to be the named Plaintiff in this case.

I worked as a **Nurse** from **2005** to **2011**

I hereby designate the law firm of REMER & GEORGES-PIERRE, PLLC, to represent me for all purposes of this action.

x *Elise M DeJean*
Signature

**ELiSe M. DEJean**
Print Name

**11/1/11**
Date